## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDSEY K. SPRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-CV-369-GKF-PJC |
| | ) | |
| BRIAN SHERN; JASON C. WHITE; | ) | |
| CHRISTOPHER D. ALBIN; | ) | |
| DONALD A. ANDERSON; | ) | |
| MARC C. COLLINS; KATHY L. BECKNER; | ) | |
| DONALD G. SHOEMAKE; | ) | |
| WILLIAM R. TAYLOR; SCOTT A. WELLS; | ) | |
| DIANA S. MEGLI; LOY DEAN SMITH; | ) | |
| DOUGLAS HORN; MELODY NELSON; | ) | |
| KENNETH P. SNOKE; JOHN DOES 1-10; | ) | |
| CHARLES O'REILLY; DAVID O'MEILIA; | ) | |
| ROBERT D. METCALFE; JAMES C. STRONG; | ) | |
| ELIZABETH DOWNS; MICHAEL LACENSKI; | ) | |
| RONALD CIMINO; NATHAN HOCKMAN; | ) | |
| DONNA MEADORS; FRED RICE; | ) | |
| KIM NORMAN; FRANK H. McCARTHY; | ) | |
| CLAIRE V. EAGAN; STEPHEN P. FRIOT; | ) | |
| BRENDA JONES; SECRETARY OF THE | ) | |
| TREASURY; OFFICE OF THE ATTORNEY | ) | |
| GENERAL OF THE UNITED STATES; | ) | |
| UNITED STATES ATTORNEY'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On June 13, 2011, Plaintiff Lindsey K. Springer ("Springer"), a federal prisoner appearing

*pro se*, filed a civil complaint asserting fifteen (15) counts pursuant to either 26 U.S.C. § 7433 or

Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (Dkt.

# 1).  The complaint was not accompanied by the $350 filing fee.  However, Springer filed a motion

to proceed *in forma pauperis* (Dkt. # 2).  By Order filed June 17, 2011 (Dkt. # 5), the Court directed

Plaintiff to either pay the $350 filing or file an amended motion to proceed *in forma pauperis*.  On

July 18, 2011, Plaintiff paid in full the $350 filing fee. On July 19, 2011, he filed an amended motion to proceed *in forma pauperis* (Dkt. # 7). Because Plaintiff paid the full filing fee, his motion to proceed *in forma pauperis*, as amended, shall be declared moot.

In the complaint (Dkt. # 1), Springer complains of various actions taken by Defendants resulting in his convictions for tax evasion and failure to file income tax returns.[1] He specifically states that he is in custody at "FCI Big Spring, State of Texas (79720) as [the] result of the collective defendants' actions." See Dkt. # 1 at ¶ 10. Springer asserts jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340, 1346, and Bivens, 403 U.S. 388. He also seeks to re-litigate multiple federal court cases where final judgments have been entered against him. In his requests for relief, Springer seeks money damages, a release of lien, to quiet title, and an "injunction prohibiting the [Secretary of the Treasury] and all other defendants from enforcement of laws related to revenue." See id. For the reasons discussed below, the Court finds Plaintiff's complaint shall be dismissed without prejudice. His claims are barred by sovereign immunity, judicial immunity, prosecutorial immunity, *res judicata*, and/or the holding of Heck v. Humphrey, 512 U.S. 477 (1994).

**A. Standards for dismissal**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1),(2). To avoid dismissal for

---

[1]The Court's records reflect that Springer is in custody pursuant to a judgment filed April 28, 2010, in N.D. Okla. Case No. 09-CR-043-SPF. His direct appeal is currently pending in Tenth Circuit Case No. 10-5055.

2

failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The complaint must contain  "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff.  <u>Id.</u> at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. <u>Id.</u> at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." <u>Bryson v. City of Edmond</u>, 905 F.2d 1386, 1390 (10th Cir. 1990); <u>see also</u> <u>Twombly</u>, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### B.  Sovereign immunity

Plaintiff's claims for money damages against the Office of the Secretary of the Treasury, the Office of the Attorney General, and the Office of the United States Attorney for the Northern District of Oklahoma are actually claims against the United States, and are barred by sovereign immunity in the absence of a waiver. See Pleasant v. Lovell, 876 F.2d 787, 793 (10th Cir. 1989). Plaintiff did not identify any waiver of sovereign immunity for the type of claims he asserted, and the Court knows of none. Therefore, Plaintiff's claims against the Office of the Secretary of the Treasury, the Office of the Attorney General, and the Office of the United States Attorney for the Northern District of Oklahoma are barred by sovereign immunity.

### C.  Judicial/prosecutorial immunity

Plaintiff complains of actions taken against him by United States District Judges Eagan and Friot and United States Magistrate Judge McCarthy (the "judicial defendants").  In addition, he complains of actions taken against him by Defendants O'Reilly, Nelson, Snoke, Radford,[2] and O'Meilia while employed by the United States Attorney's Office.  See Dkt. # 1. In his requests for relief, Plaintiff asks for monetary damages from these defendants.

It is well established that "[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9, 13 (1991))). Springer alleges the judicial defendants engaged in unconstitutional conduct while presiding over his civil lawsuits and criminal proceeding.  As a

---

[2]Assistant United States Attorney Loretta Radford is named in the text of the complaint, but is not listed as a defendant in the caption of the complaint.  See Dkt. # 1.

result, these defendants "were performing judicial acts and were therefore clothed with absolute judicial immunity." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994); see also Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002) (extending judicial immunity to "any judicial officer who acts to either [ (1) ] resolve disputes between parties or [ (2) ] authoritatively adjudicate private rights." (internal quote and alterations omitted)).  The judicial defendants are entitled to absolute judicial immunity.

The doctrine of absolute prosecutorial immunity similarly bars many of Springer's damage claims against the Assistant United States Attorneys named as defendants in the complaint. See Hunt, 17 F.3d at 1267. The Supreme Court holds that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). The Court in Buckley established a dichotomy between the prosecutor's role as advocate for the State, which demands absolute immunity, and the prosecutor's performance of investigative functions, which warrants only qualified immunity. Id. at 273-74. Insofar as Springer's allegations of prosecutors' wrongdoing arise from their preparation of, and performance during, Springer's civil cases and criminal trial, Buckley dictates that the prosecutors enjoy absolute prosecutorial immunity.  Insofar as Springer's allegations of prosecutors' wrongdoing arise from their performance of investigative functions, his claims are barred by the doctrine of *res judicata* and/or the holding of Heck v. Humphrey, 512 U.S. 477 (1994), both discussed below.

**D.  Claims resolved in prior cases barred by doctrine of *res judicata***

Plaintiff also seeks to assert or reassert arguments previously litigated in this District Court (N.D. Okla. Case Nos. 06-CV-110-CVE, 06-CV-156-GKF, and 08-CV-278-TCK), the United States

District Court for the Western District of Oklahoma (W.D. Okla. Case Nos. 05-CV-466-SPF, and

05-CV-1075-SPF), the Tenth Circuit Court of Appeals (Case Nos. 05-6387, 06-5123, 06-6268, and

09-5088), and the Tax Court.  Final judgments have been entered in all of the cases cited by

Plaintiff.

The doctrine of *res judicata* prevents parties from re-litigating legal claims that were or could

have been the subject of a previously issued final judgment.  <u>MACTEC, Inc. v. Gorelick</u>, 427 F.3d

821, 831 (10th Cir. 2005) (citation omitted).  In the tax context, a final decision of the Tax Court is

*res judicata* as to the tax liability determined by that court, and is not subject to collateral attack in

a later proceeding.  <u>See</u>, <u>e.g.</u>, <u>United States v. Annis</u>, 634 F.2d 1270, 1272 (10th Cir. 1980).

To the extent Plaintiff seeks to litigate or re-litigate claims that were or could have been the

subject of previously issued final judgments entered in the above-cited cases or any of Plaintiff's

many other civil actions, or seeks to challenge either his liability for taxes assessed by the Internal

Revenue Service or final rulings by the Tax Court, his claims are barred by *res judicata*.

## E.  Effect of <u>Heck v. Humphrey</u>

Lastly, the Court finds that Plaintiff's claims challenging actions giving rise to his criminal

convictions shall be dismissed without prejudice pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477

(1984).  In large part, Plaintiff essentially alleges that actions by Defendants resulted in his

convictions entered in N.D. Okla. Case No. 09-CR-043-SPF.  Because relief on these allegations

would necessarily undermine the validity Plaintiff's convictions, Plaintiff must first show that the

convictions have been invalidated or otherwise set aside before he can seek damages for these

defendants' alleged wrongdoing. <u>See</u> <u>Heck</u>, 512 U.S. at 487 (when judgment for the plaintiff "would

necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed

6

unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); see also Williams v. Hill, 74 F.3d 1339 (D.C. Cir. 1996) (A criminal defendant may not recover damages in a Bivens action against federal officials who allegedly brought about his or her conviction unless the conviction or sentence has been invalidated or set aside). The holding in Heck applies to Bivens actions and to claims that "call into question the fact or duration of parole or probation." Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (Heck's favorable termination rule applies "no matter the relief sought . . . [and] no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Because Plaintiff makes no showing that his convictions have been invalidated or otherwise set aside, his claims against any Defendant not protected by sovereign, judicial, or prosecutorial immunity shall be dismissed without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.   Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 2), as amended (Dkt. # 7), is **declared moot**.

2.   Plaintiff's claims against the Office of the Secretary of the Treasury, the Office of the Attorney General, and the Office of the U.S. Attorney for the Northern District of Oklahoma are **dismissed with prejudice** as barred by sovereign immunity.

3.   Plaintiff's claims against United States Magistrate Judge Frank H. McCarthy, United States District Judge Claire V. Eagan, and United States District Judge Stephen P. Friot are **dismissed with prejudice** as barred by absolute judicial immunity.

7

4.      The complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon

which relief may be granted.

5.      A separate judgment shall be entered in this matter.


DATED THIS 20th  day of July, 2011.



Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma